[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON TAXATION OF COSTS
After judgment in favor of the plaintiff quieting title in her favor, she has moved for the taxation of costs incurred for the services of the land surveyor who testified at trial.
He also prepared maps and surveys and staked out the line in question.
The defendants argue that § 52-257, entitled "Fees of parties in civil actions" only permits a reasonable sum to be taxed for maps and plans necessary or convenient in the trial. (Subsection (b) (5).)
They also claim, correctly, that surveyors and engineers are not listed in § 52-260 as a category of witnesses for whom witness fees may be charged.
However, § 52-257 (e) reads: "The provisions of this section shall not interfere with the discretion of the court in taxing costs in actions in which equitable relief is demanded."
This language compels the conclusion that the plaintiff can tax costs for her "maps and plans" and the court has the discretion to award additional costs.
An examination of the six itemized bills offered by the plaintiff in the total amount of $6085 state a variety of services rendered.
Of that sum, $4915 appear to involve the services required to prepare "maps and plans." Staking out the property line in dispute is appropriately an extension of the maps and plans, but can also be justified as reasonably necessary to present the plaintiff's case.
Only the charges for pre-trial preparation and time spent in court, $325 and $845 respectively, are outside the scope of "maps and plans." An award of these sums is reasonable in view of the need for expert CT Page 3566 testimony and the result of the trial.
The court concludes that the plaintiff is entitled to tax costs for these services in the amount of $6085.
 Anthony V. DeMayo Judge Trial Referee
CT Page 3567